{¶ 45} I concur in judgment only on the first assignment of error. I do not believe it is necessary to apply the Crawford
test to determine the admissibility of the informant's statements through Detective Whitney. The informant's statements about Lazzaro's drug use are classic hearsay. The admissibility of such statements can be determined under the traditional Rules of Evidence. There is no need to evaluate these statements underCrawford. Not everything said to a police officer that may later be used against a defendant is necessarily "testimonial," invoking Crawford. Some statements are not offered to prove the truth of the matter asserted but rather are offered to place a defendant's statements in context. Some statements, however, are pure hearsay regardless of their possible "testimonial" character and can be ruled inadmissible before ever applying the Crawford
test.
 {¶ 46} Nevertheless, despite my view that portions of Detective Whitney's testimony contained hearsay, I agree with the majority analysis that the statement's admission was harmless error. In this case the statements were cumulative and there was sufficient evidence in the record, independent of the hearsay statements, that supports the conviction.